**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>REPUBLIC SERVICES, INC., REPUBLIC SILVER STATE DISPOSAL, INC., *et al.*,<br><br>Defendants.<br><br>―――――――――――――<br><br>ROBERT LAROCCA and WILLIAM LACY<br><br>Plaintiffs,<br><br>v.<br><br>REPUBLIC SERVICES, REPUBLIC SILVER STATE DISPOSAL, *et al.*,<br><br>Defendants. | 2:04-cv-01352-DAE-LRL<br><br>**ORDER** |

Before the court is defendant Republic Silver State Disposal Inc.'s Motion to Compel (#94), the EEOC's Opposition (#102), and Republic's Reply (#105). Republic requests this court to compel the EEOC to provide complete answers to defendant's Request for Admission Nos. 1 and 2, and Interrogatory No. 21. The dispute revolves around a form letter and questionnaire (*see* Letter Mot. (#94) at Ex. 1) the EEOC may have sent to putative class members or witnesses. The EEOC objects to the Motion, claiming the communications are protected by attorney-client privilege and the work-product doctrine. In its objections and meet-and-confer letters the EEOC also asserted the deliberative process privilege, but now appears to have abandoned this objection.

. . .

**I. Attorney-Client Privilege**

Republic argues that the EEOC's objection to Request for Admission Nos. 1 and 2 and Interrogatory No. 21 on the basis of attorney-client privilege is not well taken. Republic claims that the correspondence at issue was addressed to potential class members or witnesses, not to any party currently represented by the EEOC. Therefore, it concludes, no attorney-client relationship exists between the EEOC and the possible recipients of the letter.

The EEOC contends that to admit or deny whether the Letter was sent (and if sent, to whom) would reveal the EEOC's litigation strategy, the specific nature of the services the EEOC may provide, and putative class members motives for seeking representation. (Mot. (#94) Ex. 7 at 2 (citing *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)).) Further, the EEOC contends that courts have applied the attorney-client privilege to "[c]ommunications between prospective class members and EEOC counsel and their agents." (Opp'n (#102) at 4 (citing *EEOC v. Int'l Profit Assocs. Inc.*, 206 F.R.D. 215, 219 (N.D. Ill. 2002) (citing *Bauman v. Jacobs Suchard*, 136 F.R.D. 460, 462 (N.D. Ill. 1990))).)

The purpose of the attorney-client privilege is to encourage candid communications between client and counsel. *See Upjohn Co. v. United States*, 449 U.S. 383, 390–91 (1981). Because the attorney-client privilege has the effect of withholding relevant information from the factfinder, "the attorney-client privilege is strictly construed and the party claiming the privilege bears the burden of establishing its claim." *Weil v. Investment/Indicators, Research & Mgmt. Inc.*, 647 F.2d 18, 24–25 (9th Cir. 1981).

The EEOC cites *Clark v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992), for the proposition that the communications at issue fall under the attorney-client privilege because they seek information relating to a "viable claim." Thus, it argues, the potential class members' motives could be revealed if the communications were disclosed. (*See* Opp'n (#102) at 5.) The EEOC also relies on *Clark* to argue that the Letter is entitled to protection because it could reveal litigation strategy or the specific nature of the services provided.

2

In *Clark* the court concluded that billing statements that contained general information on the identity of the client, the case name for which payment was made, the amount of the fee, and the general nature of the services performed were not privileged. 974 F.2d at 130. The *Clark* court came to this conclusion because there was nothing in the statements that revealed specific research or litigation strategy which would be entitled to protection from disclosure. *Id.* Such is the case here. There is nothing in the form Letter that reveals the EEOC's litigation strategy or the specific nature of the services that may be provided; the Letter contains only general information regarding the nature of the suit. Additionally, as this Letter is from the EEOC to putative class members, the EEOC cannot establish that such communications would divulge the motives of potential class members in seeking representation.

The EEOC also contends that because the communications at issue here, like those in *Bauman v. Jacobs Suchard, Inc.*, 136 F.R.D. 460, 462 (N.D. Ill. 1990), concern letters the EEOC may have sent to current and former employees of Republic, this court should likewise find that the communications between EEOC counsel and potential claimants are privileged. The holding in *Bauman*, however, was conditioned on the fact that the primary purpose of the letter from the EEOC to potential claimants was to ask if they desired to be represented by the EEOC, and only the recipients who desired to be represented were asked to complete the questionnaire. In this case the Letter does not explicitly offer the EEOC's services, it indicates only that it wishes determine if the recipient may be a witness or have a viable claim that could be pursued through this litigation. (*See* Letter Mot. (#94) at Ex. 1.) Though the idea of representation may be implicit in the Letter, it is not its stated purpose.

Finally, when courts have found that an attorney-client relationship exists, the potential class members must have taken some affirmative step to enter into a relationship with the EEOC. "Courts have found such a relationship exists when an individual contacted the EEOC through questionnaires and phone calls, *EEOC v. Int' Profit Assocs., Inc.*, 206 F.R.D. 215 (N.D. Ill. 2002), consulted with the EEOC with an intent to seek legal advice, *EEOC v. Johnson & Higgins, Inc.*, 1998 U.S. Dist. LEXIS 17612, 1998 WL 778369, at \*5–6 (S.D.N.Y. Nov. 6 1998), or signed an affidavit stating a belief that

an attorney-client relationship existed. *EEOC v. Chemtech Int'l Corp.*, 1995 U.S. Dist. LEXIS 21877, 1995 WL 608333, at *2 (S.D. Tex. May 17, 1995); *EEOC v. HBE Corp.*, 64 Fair Empl. Prac. Cas. (BNA) 1518 (E.D. Mo. May 19, 1994), *rev'd in part on other grounds*, 135 F.3d 543 (8th Cir. 1998); *EEOC v. Collegeville/Imagineering Ent.*, 2007 U.S. Dist. LEXIS 3764, 2007 WL 158735, at *2 (D.Ariz. January 17, 2007). On this record, the EEOC has not established that an attorney-client relationship exists such that the Letter they may have sent and, if sent, a list of its intended recipients, are protected.

**II. Work Product**

The EEOC contends that the work-product doctrine applies to the information sought by Republic's Request for Admission Nos. 1 and 2 and Interrogatory No. 21. The EEOC contends that if it did send the Letter to potential claimants, it would not have been generated but for this litigation. Therefore, it argues, the material should be considered work product.

The work-product doctrine is a qualified immunity which protects from discovery documents and tangible things prepared by a party or that party's representative in anticipation of litigation. Fed. R. Civ. P. 26(b)(3). "There are two types of work product: fact work product, written or oral information transmitted to the attorney and recorded as conveyed by the client; and opinion work product, any material reflecting the attorney's mental impressions, opinions, conclusions, judgments, or legal theories." *Holliday v. Extex*, 447 F. Supp. 2d 1131, 1138 (D. Haw. 2006) (citations and internal quotations omitted). The burden of establishing work product protection lies with the proponent, and "it must be specifically raised and demonstrated rather than asserted in a blanket fashion." *Yurick v. Liberty Mut. Ins. Co.*, 201 F.R.D. 465, 472, (D. Ariz. 2001).

Key to this inquiry is that in order to be protected under the work-product doctrine the material must be a document or tangible thing. The admission or denial of the facts at issue in the Request for Admission Nos. 1 and 2 do not fall under the purview of fact work product or opinion work product. Likewise, a list of names of persons to whom the Letter may have been sent is not protected by this doctrine.

Moreover, although courts have extended work product status to EEOC questionnaire responses

4

and interview notes, the names of those completing responses have not been protected. *See, e.g.*, *EEOC v. Pasta House Co.*, 70 Fair Empl Prac. Cas. (BNA) 61 (E.D.Mo. 1996). The court there reasoned that protecting the questionnaires would protect the EEOC from revealing its work product, but give the defendants an opportunity to obtain information by sending out its own questionnaire. *Id.*

**III. Sanctions**

Republic believes it should be awarded attorney's fees pursuant to Fed. R. Civ. P. 37(a)(4). Republic contends it made a good faith effort to obtain the discovery without court action. The EEOC replies that sanctions are not warranted because it believes the requested discovery is improper and its nondisclosure was substantially justified.

A court must impost attorney's fees when it compels discovery unless the opposing party was substantially justified in resisting discovery. Fed. R. Civ. P. 37(a)(4)(A). Substantially justified means that reasonable people could differ as to the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565 (1998).

The court finds that the EEOC was substantially justified in opposing discovery. However, the EEOC should have informed Republic that it was abandoning its objection based on the deliberative process privilege. Such a disclosure would have obviated the need for Republic to address the issue in its Motion.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant Republic Silver State Disposal, Inc.'s Motion to Compel Plaintiff Equal Employment Opportunity Commission to Respond to Defendant's First Set of Request for Admissions and Second Set of Interrogatories and Request for Sanctions (#94) is GRANTED. The EEOC will answer Interrogatory No. 21and admit or deny the Request for Admission Nos. 1 and 2 by <u>February 16, 2007</u>.

. . .

. . .

. . .

5

IT IS FURTHER ORDERED that the EEOC shall pay Republic Silver State Disposal, Inc. the sum of $150.00 as the reasonable attorney's fees incurred in bringing the applicable portion of the instant Motion.

DATED this 5th day of February, 2007.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**